IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br><br><br> AMERICAN ADDICTION CENTERS, INC. & AAC DALLAS OUTPATIENT CENTER, LLC d/b/a GREENHOUSE OUTPATIENT CENTER <br> Defendants. | CIVIL ACTION NO. <br><br><br><br> JURY TRIAL DEMAND |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of pregnancy and to provide appropriate relief to Stefanie Armstrong. As alleged with greater particularity below, the Commission alleges that Defendants, American Addiction Centers, Inc. & AAC Dallas Outpatient Center, LLC d/b/a Greenhouse Outpatient Center violated Title VII by terminating Stefanie Armstrong's employment based on her sex, female, because of her pregnancy and pregnancy-related condition.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ( "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and the PDA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), the PDA 42 U.S.C. §2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. At all relevant times, Defendant American Addiction Centers, Inc. ("AAC") has been a corporation continuously doing business in the state of Texas and the city of Dallas and has continuously had at least 15 employees.

5. At all relevant times, Defendant AAC Dallas Outpatient Center, LLC d/b/a Greenhouse Outpatient Center ("Greenhouse") has continuously been doing business in state of Texas and the city of Dallas and has continuously had at least 15 employees.

6. At all relevant times, Defendant American Addiction Centers, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

7. At all relevant times, Defendant AAC Dallas Outpatient Center, LLC d/b/a Greenhouse Outpatient Center has continuously been an employer engaged in an industry affecting

commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Stefanie Armstrong filed a charge of discrimination with the Commission alleging violations of Title VII.

8. On June 3, 2019, the Commission issued to the Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting the Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with the Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from the Defendants a conciliation agreement acceptable to the Commission.

11. On July 23, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least 2016, the Defendants have engaged in unlawful employment practices in violation of sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-(k) and 2000e-2(a)(1) by terminating Stefanie Armstrong's employment based on her sex, female, because of her pregnancy and pregnancy-related condition. Defendants' unlawful employment

practices also include failing to treat Charging Party the same as other employees not affected by pregnancy and other pregnancy-related conditions but similar in their ability or inability to work.

14. Stefanie Armstrong was hired by Defendant American Addiction Centers, Inc. on October 26, 2015, as a Behavioral Health Technician at its subsidiary, Defendant AAC Dallas Outpatient Center, LLC d/b/a Greenhouse Outpatient Center.

15. On or about February 1, 2016, Ms. Armstrong emailed Defendant Greenhouse's Human Resources Director, and asked how to submit a request for maternity leave under the Family and Medical Leave Act. The HR Director informed Ms. Armstrong that she would not be FMLA-eligible until October 26, 2016.

16. On or about April 30, 2016, Ms. Armstrong was granted a leave of absence from May 1, 2016, to May 30, 2016, for childbirth.

17. Ms. Armstrong gave birth by emergency cesarean section on May 1, 2016. On or about May 26, 2016, Ms. Armstrong emailed the HR Director and notified her that her physician had told her that she needed an additional 30 days of leave to recover from the cesarean section.

18. On or about May 27, 2016, the HR Director emailed Ms. Armstrong and told her that her position could not be held open past May 30, 2016, but that Ms. Armstrong could reapply for employment when she was cleared to return to work.

19. Ms. Armstrong's employment was terminated on May 30, 2016, because she was not able to return to work after 30 days of leave.

20. Defendants failed to treat Ms. Armstrong the same as other employees who were not affected by pregnancy and other pregnancy-related conditions, but who were similar in the ability or inability to work.

21. The effect of the practices complained of in paragraphs 13-20 above has

been to deprive Stefanie Armstrong of equal employment opportunities and otherwise adversely affect her status as an employee based on her sex, female, because of her pregnancy.

22.     The unlawful employment practices complained of in paragraphs 13-20 above were intentional.

23.     The unlawful employment practices complained of in paragraphs 13-20 above were done with malice or with reckless indifference to the federally protected rights of Stefanie Armstrong.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of pregnancy.

B.     Order the Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and which eradicate the effects of their past and present unlawful employment practices.

C.     Order the Defendants to make whole Stefanie Armstrong by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D.     Order the Defendants to make whole Stefanie Armstrong by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-20 above, including but not limited to medical expenses, in amounts to be determined at trial.

E.	Order the Defendants to make whole Stefanie Armstrong by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13-20 above, including but not limited to humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.	Order the Defendants to pay Stefanie Armstrong punitive damages for the malicious and reckless conduct described in paragraphs 13-20 above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

6

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Texas Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749
